### STATE *v.* BRIDGFORTH.

[72 South. 922.]

BANKS AND BANKING. *Receiving deposit for insolvent bank. Prosecu-tion. Indictment.*

> This indictment for receiving deposits for an insolvent bank know-ing or having good reason to believe it insolvent, as set out in the facts of this case, was held by the court sufficient under Code 1906, section 1169, as amended by Laws 1912, chapter 211, deal-ing with this offense.

APPEAL from the circuit court of Holmes county. HON. F. E. EVERETT, Judge.

Louis Bridgforth was indicted for receiving de-posits for an insolvent bank when he had good reason to believe the bank was insolvent. From an order

sustaining demurrers to the indictments, the state appeals.

The indictment charges that:

The defendant "on the 4th day of March A. D. 1913, being then and there, and for a long time prior thereto, cashier and agent for the Bank of Pickens, the said Louis Bridgforth being then and there cashier and agent thereof, the said Bank of Pickens being a corporation then and there situate and engaged in the banking business of receiving on deposit the money and other valuable things of other persons, and as such cashier and agent, as aforesaid, being then and there conducting the business of receiving on deposit the money and other valuable things of other persons for the said Bank of Pickens, the said bank being then and there wholly insolvent and the said Louis Bridgforth, as aforesaid, then and there having good reason to believe that the said bank was insolvent did then and there unlawfully and feloniously receive a deposit of money in the sum of forty dollars and fifty cents from one H. C. Tye, a depositor, the said money being then and there of the value of forty dollars and fifty cents in legal tender and current money of the United States of America, a further description of which said money was then and there to said grand jurors unknown, which said sum of money as aforesaid was then and there received for deposit in the said Bank of Pickens; and the said Louis Bridgforth, cashier and agent as aforesaid, did not then and there, or at any time prior thereto, inform the said H. C. Tye, a depositor as aforesaid, that the said Bank of Pickens was then and there insolvent, against the peace and dignity of the state of Mississippi."

Section 1169 of the Code of 1906 as amended by chapter 211, Laws 1912, which was in force at the time the crime is laid, provides that:

"If the president, manager, cashier, teller, assistant, clerk, or other employee or agent of any bank or

broker's office, or establishment conducting the business of receiving on deposit the money or other valuable things of other persons, shall remove or secrete or conceal the assets or effects of such establishment for the purpose of defrauding any of the creditors of the establishment, or shall receive any deposit knowing, or having good reason to believe, the establishment to be insolvent, without informing the depositor of such condition, on conviction he shall be imprisoned in the penitentiary not longer than five years."

*Ross A. Collins,* Attorney-General, for the state.

POTTER, J., delivered the opinion of the court.

Louis Bridgforth was indicted at the February, 1913, term of circuit court of Holmes county on a charge of receiving deposits for an insolvent bank when he had good reason to believe that the said bank was insolvent. The indictments in all the above-numbered cases are identical, except as to the· name of the depositors from whom the depositors are alleged to have been received, and the amounts, and the decision of one of said cases is therefore controlling in the others.

The indictments were drawn under section 1169, Code of 1906. A demurrer was interposed to the indictments, alleging the following grounds, to wit: That no offense was charged; that there is no law making criminal the acts charged; and that the law under which said indictments were drawn has been repealed· so that said indictments charge no crimes. No brief was filed by appellee in this case, although special requests have been made for same. There is no foundation for any one of the grounds of demurrer set up by the defendant in the lower court. The orders sustaining the demurrers are manifestly wrong; and, in view of the· fact that no brief is filed by appellee,· we are at a loss to understand upon what theory the learned circuit judge acted in sustaining the demurrer.

*Reversed and remanded.*